28 C.C.P.A. (Patents)

## In re BERTSCH.

### Patent Appeal No. 4372.

Court of Customs and Patent Appeals.

Dec. 9, 1940.

Hammond & Littell, of New York City (Charles P. Pollard, of New York. City, of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 15 and 16 in appellant's application for a patent for an alleged invention relating to "aqueous treatment liquids" for use particularly in the textile and leather industries.

The appealed claims read:

"15. Aqueous treatment liquids having high wetting, detergent and emulsifying powers for use in the textile, leather and other industries wherein soap and soaplike products have heretofore been used, containing alkali metal salts of the reaction product of a sulfating medium upon a hydroxyl containing aliphatic higher molecular compound containing at least 8 carbon atoms, said compound being free of unstable carboxylic groups.

"16. Aqueous treatment liquids having high wetting, detergent and emulsifying powers for use in the textile, leather and other industries wherein soap and soaplike products have heretofore been used, containing compounds possessing on the one hand a mono-alkali metal sulfate radical imparting water solubility and on the other hand a higher molecular open chain carbon compound containing at least 8 carbon atoms imparting oil solubility characteristics, said compounds being free of unstable carboxylic groups."

The references are:

"Annalen der Chemie," Vol. 19, page 293.

"Annalen der Chemie," Vol. 185, page 63.

That appellant's application discloses patentable subject matter is evidenced by the fact that eleven claims were allowed by the tribunals of the Patent Office—three by the Primary Examiner, and, on appeal, eight by the Board of Appeals.

Appellant's product is sufficiently described in the appealed claims.

In his application appellant states that the alkali metal salts component of his product is produced by converting the "free or combined fatty acids of fatty materials, i. e. animal and vegetable fats and oils, and manufactured derivatives such as oleic acid or ethyl oleate, into the corresponding alcohols, and the treatment of these alcohols with a sulfating or sulfonating agent such as sulfuric acid."

The method by which the alkali metal salts component of appellant's product is produced is not here involved.

In his statement to the Board of Appeals, the Primary Examiner said, inter alia: " * * * These claims both define liquids containing alkali metal salts of long chain alkyl sulphates. The 'Annalen' reference (Vol. 19, page 293) discloses the compound cetyl sulphuric acid and its salts. The cetyl radical is a long chain alkyl radical having 16 carbon atoms. Thus the compounds disclosed by the 'Annalen' reference are within the range of compounds defined by the claims 15 and 16. The 'Annalen' reference (Vol. 185, page 63) discloses the compound octyl sulphuric acid and its salts. The octyl radical is a long chain alkyl radical containing 8 carbon atoms. Applicant does not argue that his compounds are not the equivalents of those shown by the 'Annalen' references but states that the claims do not read on the references because the claims specify a liquid containing the compounds. The examiner considers that this argument is untenable. In the first place the mere dissolving of a known compound in a suitable solvent such as water does not involve invention, and further the mere discovery of a new use of an old compound does not make the compound per se re-patentable. Any person skilled in the art would realize that an aliphatic compound having a sulphate group would have wetting and detersive properties. No invention would be involved in employing the products of the 'Annalen' references in solution form for wetting purposes. The examiner considers that a person skilled in the art would realize that the products of the 'Annalen' references would no doubt be useful as wetting agents, and to make the experiment and find out that the compounds actually did possess wetting properties would not be invention." In re Wietzel & Michael, 400 O.G. 463.

It will be observed that the Primary Examiner held that the "Annalen" reference (Vol. 19, page 293) discloses the "compound cetyl sulphuric acid and its salts"; that the "cetyl radical is a long chain alkyl radical having 16 carbon atoms," and is, therefore, within the range ("at least 8 carbon atoms") of compounds called for by the appealed claims; and that, so far as the appealed claims are concerned, appellant has merely dissolved an old compound in water and applied the solution to a new but obvious use.

Counsel for appellant contend that the "Annalen" reference (Vol. 19, page 293), which was published in 1836, was "based on work done in the laboratory on a small scale of an exploratory nature, from an academic standpoint"; that the author did "not show any interest in, nor record any observations as to, the properties" of the product produced, nor the probable utility of the product in the industrial arts; and that the author's method of producing the reference compound "is so vague that it is impossible to ascertain whether a sulfonate is obtained or a sulfuric acid ester (sulfate). This question is of importance because the claims sought before this court are limited to sulfate compounds and do not include the less desirable sulfonate compounds." Counsel further contend that the product called for by the appealed claims was not produced by appellant by *merely dissolving a known compound in water,* and that it is not true, as held by the Primary Examiner, that a person skilled in the art would realize that "an aliphatic compound having a sulfate group" would have wetting and detergent properties.

With regard to the later "Annalen" reference (Vol. 185, page 63, published in 1877), counsel for appellant contend that it discloses the "barium salt of octyl sulfate," which salt, it is contended, is not

936

an alkali metal salt, as called for by the appealed claims, and is not soluble in water, and a considerable portion of the brief of counsel is devoted to a discussion of the claimed lack of pertinency of the disclosure in that reference.

In view of the fact that there is nothing in the brief of counsel for appellant, nor in the record, to warrant a holding that the views expressed by the Primary Examiner with regard to the disclosure in the earlier "Annalen" reference (Vol. 19, page 293) are incorrect, and as we must hold, therefore, that that reference discloses alkali metal salts containing 16 carbon atoms, which is within the range ("at least 8 carbon atoms") of compounds called for by the appealed claims, we deem it unnecessary to set forth here the views of counsel for appellant with regard to the disclosure in the later "Annalen" reference (Vol. 185, page 63).

The sole issues in the case, therefore, are whether, as held by the Primary Examiner, one skilled in the art would realize that the compound disclosed in the earlier "Annalen" reference (Vol. 19, page 293) "had wetting and detersive properties" and would be useful for such properties, and whether it would involve invention to dissolve such product in a suitable solvent, such as water, and apply the solution to the particular use set forth in the appealed claims, which use was not disclosed by the prior art.

There is nothing in the record, nor in the brief of counsel for appellant, to justify a holding by this court either that the compound disclosed in the earlier "Annalen" reference does not have "wetting and detersive properties," or that one skilled in the art would not realize that it had such properties. Assuming therefore, as we must for the purpose of this decision, that the compound disclosed in that reference has wetting and detersive properties and that one skilled in the art would realize that fact, we must hold that it would not involve invention to dissolve that compound in water or other suitable solvent and use the solution, as stated in the appealed claims, in the "textile, leather and other industries wherein soap and soap-like products have heretofore been used."

The decision of the Board of Appeals is affirmed.

Affirmed.